IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TAMMY SHELTON,<br><br>                       Plaintiff,<br>v.<br><br>CAFÉ RIO, INC.,<br><br>                       Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 1:17-cv-00070<br><br>District Judge Dale A. Kimball |

      This matter is before the court on Defendant Café Rio's Inc. (Café Rio) Motion to Dismiss for lack of subject matter jurisdiction. On September 27, 2017, the court held a hearing on the motion. At the hearing, the Plaintiff Tammy Shelton (Shelton) was represented by James K. Ord and Café Rio was represented by T. Mickell Jimenez and Trenton L. Lowe. The court took the motion under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order GRANTING Café Rio's Motion to Dismiss.

## BACKGROUND

      This case involves an alleged violation of the Americans with Disabilities Act (ADA). Shelton claims that Café Rio violated the ADA by discriminating against her because Café Rio failed to provide signs containing the designation "van accessible" to identify van parking spaces. Shelton seeks an injunction requiring Café Rio to fix the violation. Café Rio moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction arguing the claim is moot.

      Shortly after Shelton commenced this action against Café Rio, Café Rio remediated the alleged violation by installing a van accessible handicap sign. Café Rio first claimed in its

motion to dismiss that the ADA claim is moot because the alleged violation is in the process of being remediated. In Café Rio's reply in support of its motion to dismiss, it now argues that the claim is moot because the alleged violation has been remediated. Because Café Rio's initial motion to dismiss only contained plans of remediation, and its reply brief asserts that the violation has been fully remediated, the court entered an order allowing Shelton to file a sur-reply to address this development in Café Rio's argument.

## LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, federal courts do not presume jurisdiction, and the party asserting federal jurisdiction bears the burden of proof. *Marcus v.Kansas Dep't of Revenue,* 170 F.3d 1305, 1309 (10th Cir. l999) (citing P*enteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991)). Motions to dismiss for lack of subject matter jurisdiction may take the form of a "facial attack on the complaint's allegations," or "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt v.United States,* 46 F.3d 1000, 1002 (10th Cir.1995) (citing O*hio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990)).

## DISCUSSION

Café Rio filed this motion to dismiss asserting that Shelton's claim is moot because the alleged violation has been remediated. Specifically, Café Rio asserts that: 1. The court may look at evidence outside of the complaint to establish whether subject matter jurisdiction exists; 2. Shelton's claim is moot and should be dismissed because the alleged violation has been remediated; and 3. Shelton is not entitled to attorneys' fees because she is not a prevailing party. For the reasons that follow, the court grants Café Rio's motion to dismiss in its entirety.

1. **The Court May Look at Evidence Outside of the Complaint to Establish Subject Matter Jurisdiction Because the Merits and Jurisdictional Issues are not Impermissibly Intertwined.**

Café Rio asks the court to view evidence outside of the complaint to establish that subject matter does not exist because it has remediated the alleged ADA violation. This evidence includes a photograph of the remediated van accessibility sign, and also a declaration from Jordan Hill, the Director of Facilities at Café Rio, stating that the alleged violation has been remediated. *See* Dkt. Nos. 8, 24. Notably, Café Rio does not dispute the allegations in Shelton's complaint. Rather, Café Rio asserts that even if everything in the complaint is true, nonetheless, the case is moot. Shelton objects to the court viewing evidence that the alleged violation has been remediated because she claims that viewing this evidence would impermissibly require the court to make a ruling on the merits of the case.

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. U.S.,* 46 F.3d 1000, 1002 (10th Cir. 1995). For a facial attack the court must accept the allegations in the complaint as true. *Id.* For a factual attack "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* at 1003. "A district court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* Viewing such "evidence outside of the pleadings does not convert the motion to a Rule 56 motion." *Id.*

A court, however, is required to convert a 12(b)(1) motion to dismiss to a Rule 56 motion when the jurisdictional questions are intertwined with the merits of the case. *Id.* "The

jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.*

Here, Café Rio's factual attack on subject matter jurisdiction is not intertwined with the merits of the case. Café Rio's does not argue that the allegations in Shelton's complaint are untrue. Rather, Café Rio argues that assuming all of the allegations in the complaint are true there nonetheless is no longer an ongoing controversy because the alleged violation has been remediated. The court is therefore able to consider evidence that Café Rio remediated the violation without converting the motion to a Rule 56 motion. Viewing such evidence is consistent with a number of other courts that have viewed factual evidence outside of the pleadings to determine whether a defendant's voluntary compliance with the ADA rendered the case moot. *See Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446 (E.D.N.Y. 2015).

Because the jurisdictional issues and the case's merits are not intertwined, it is within the court's discretion to view Jordan Hill's affidavit and the photograph Café Rio submitted showing that the sign has been remediated.[1]

**2. Shelton's Claim is Moot Because the Alleged Violation is not Reasonably Likely to Recur.**

Café Rio moves to dismiss the complaint arguing its voluntary compliance rendered the case moot. Shelton argues that her claim is not moot because Café Rio cannot meet its burden of proving that the violation is not likely to reoccur.

Shelton brings her claim under Title III of the ADA. 42 U.S.C. § 12182(a). It is well established that Title III of the ADA only allows for injunctive relief and not monetary damages.

---

[1] Shelton has not argued that the photograph or the affidavit is not credible. Shelton seems to concede that the van accessibility sign has been properly remediated. She appears to only take issue with whether or not the court is able to analyze this evidence in a Rule 12(b)(1) motion.

"A request for prospective relief can be mooted by a defendant's voluntary compliance if the defendant meets the formidable burden of demonstrating that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence." *Tandy v. City of Wichita,* 380 F.3d 1277, 1291 (10th Cir. 2004) (internal quotations omitted).

In *Bacon v. Walgreen Co.,* the court addressed the issue of what constitutes a reasonable chance of recurrence after a defendant has voluntarily complied with an alleged ADA violation. 91 F. Supp. 3d 446 (E.D.N.Y. 2015). In that case, the plaintiff alleged that Walgreens was in violation of the ADA because the electronic sensors at the front of the store were not wide enough to allow wheel chair access. After the lawsuit was filed, Walgreens fixed the alleged violation and then sought to dismiss the case as moot. The court found that Walgreens' voluntary compliance rendered the case moot because it was not likely that the alleged violation would recur. *Id.* at 452. In making the determination of whether the violation was likely to recur, the court found that the new sensor placement was permanent and that the plaintiff did not offer any evidence that would suggest that Walgreens has a reason to revert back to having narrow sensors. *Id.*

Here, Café Rio has remediated the violation by installing a new van accessible handicap sign in cement. Shelton seems to agree that the violation has been fixed, but asserts that there is a reasonably likely chance that the violation will recur. Shelton does not offer evidence as to why she believes the violation will recur. In fact, she offers no legitimate reason why Café Rio would desire to dig up the cemented sign if the case was dismissed as moot. Because Café Rio has

voluntarily complied with the alleged violation, and the alleged violation is not likely to recur because the remediation is permanent in nature, Shelton's claim is moot.

The Supreme Court has made clear, an "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013)(internal quotations omitted). Accordingly, if the underlying dispute in a lawsuit is no longer 'live,' the case becomes moot, and the court will no longer have the authority to adjudicate the case. *Id.*

Because Shelton's only claim was one for injunctive relief under Title III of the ADA, and the requested injunctive relief has been voluntarily complied with, the claim is moot.

**3. Shelton Has Failed to Establish that She is Entitled to Attorneys' Fees.**

Café Rio argues in its motion to dismiss that Shelton is not entitled to attorneys' fees because she is not a prevailing party on account of the case being rendered moot. Shelton did not respond in either her opposition or sur-reply to Café Rio's assertion that she is not entitled to attorneys' fees. Shelton has therefore not met her burden of proving that she is entitled to attorneys' fees.

**CONCLUSION**

Based on the above reasoning, Defendant's Motion to Dismiss (Dkt. No. 7) is GRANTED.

Dated this 2nd day of October, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge